IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK HAEMERLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1986-N |
| | § | |
| YRC INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

This Order addresses three motions: Defendant YRC, Inc.'s ("YRC") motion to dismiss Plaintiff Rick Haemerle's claims for attorneys' fees [21], Haemerle's motion for leave to file an amended complaint [23], and the parties' joint motion for leave to file motions for summary judgment or partial summary judgment [27]. The Court grants YRC's motion to dismiss, denies Haemerle's motion for leave to file an amended complaint, and grants the joint motion for leave to file summary judgment motions.

## I. HISTORY OF THE HAEMERLE-YRC DISPUTE

Haemerle contends in his complaint, originally filed in state court, that YRC and Defendants All States Shipping ("All States") and Freeman Decorating Services ("Freeman") are responsible for damage to a prototype that occurred in the transport of the prototype and other property from Haemerle's Missouri home to a trade show in Nevada. Compl. [1-3] ¶¶ 7-16. According to the complaint, YRC, the actual shipper, substantially damaged the shipped property and did not deliver all of it. Compl. ¶ 10. Freeman failed to deliver certain

ORDER – PAGE 1

graphics to Haemerle, mishandled the wiring for the lights in Haemerle's exhibit, and it packaged Haemerle's property for its return trip to Haemerle's home. Compl. ¶¶ 11-14. Upon the property's arrival in Missouri, it "was so damaged [that] nothing could be salvaged." Compl. ¶ 14.

Hammerle asserted federal statutory claims against YRC and All States under the Carmack Amendment, 49 U.S.C. § 14706, and brought common-law contract and negligence claims against Freeman. Compl. 3-4. He also maintained that he is entitled to attorneys' fees under the Carmack Amendment and for breach of contract. Compl. 4.

YRC filed its answer on August 2, 2011, and it thereafter removed the case to this Court. All States never filed a response to Haemerle's complaint, and the Clerk accordingly entered default against All States [18]. Haemerle and Freeman settled their dispute, and the Court accordingly dismissed Haemerle's claims against Freeman [32]. YRC now moves to dismiss Haemerle's claim for attorney's fees under Federal Rule of Civil Procedure 12(b)(6). In lieu of a response to YRC's motion to dismiss, Haemerle moves to amend its complaint and assert claims under the Carmack Amendment against another defendant, UPS Ground Freight ("UPS"). Pl.'s Mot. for Leave to File Am. Compl. ("Pl.'s Mot.") 1. Haemerle maintains that he learned during discovery that UPS shipped his property from the trade show back to Haemerle's home. *Id.*

The parties, noting a seeming conflict between the local rules of this District and the scheduling order previously issued in this case [20], have also filed a joint motion for leave to file motions for summary judgment or partial summary judgment.

ORDER – PAGE 2

## II. HAEMERLE DOES NOT STATE A CLAIM FOR RELIEF AGAINST YRC ON HIS STATE-LAW CLAIM FOR ATTORNEYS' FEES

### A. Standard for Motions to Dismiss Under Rule 12(b)(6)

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### B. The Carmack Amendment Preempts Related State Law, Including Laws Providing for Attorneys' Fees

"It is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that interfere with, or are contrary to, federal law." *Hillsborough County, Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985) (quoting *Gibbons v. Ogden*, 9 Wheat. 1, 211, (1824)) (internal quotation marks omitted). Federal law may preempt state law in a number of ways, including by way of "field preemption." This sort of preemption exists, among other cases, where "the field is one in which 'the federal

interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* at 713 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). If federal law preempts a state law, the state law is invalid, and any claim asserted under that state law is legally insufficient and is thus subject to dismissal under Rule 12(b)(6).

The Carmack Amendment applies to "carrier[s] providing transportation or service subject to jurisdiction under subchapter I [motor carriers] or III [freight forwarders] of chapter 135." 49 U.S.C. § 14706. The statute continues:

> That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading . . . .

*Id.* The Carmack Amendment preempts state causes of action for damages resulting from interstate shipping. Almost a century ago, the Supreme Court observed that the statute

> embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913); *accord, e.g.*, *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993) (holding various state-law causes of action preempted by Carmack Amendment). Moreover, "attorney's fees authorized by state law are

ORDER – PAGE 4

not available in Carmack Amendment actions." *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996) (citing *Strickland Transp. Co. v. Am. Distrib. Co.*, 198 F.2d 546, 547 (5th Cir. 1952).

The parties agree that the Carmack Amendment covers Haemerle's claim for damage to the items shipped by YRC. Because the Carmack Amendment preempts state law in this area, any associated state-law claims against YRC, including claims for attorneys' fees, cannot be legally sufficient. The Court accordingly grants YRC's motion to dismiss Haemerle's claim for attorneys' fees against YRC.

### III. HAEMERLE HAS NOT SHOWN GOOD CAUSE TO AMEND HIS COMPLAINT

Haemerle moves for leave to amend his complaint, seeking to add UPS as a defendant but not to plead any additional causes of action. He requests that the amended complaint be considered a response to YRC's motion to dismiss. Haemerle states that he learned while taking discovery in this case that UPS caused "a significant portion of the damages claimed in this lawsuit." Pl.'s Mot. 1. If he is unable to add UPS as a defendant, Haemerle maintains that he "will not be able to obtain a complete recovery." *Id.*

#### A. Haemerle Cannot Amend His Complaint as a Matter of Course Under Rule 15(a)

The Federal Rules of Civil Procedure allow a party to amend a pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Here

Haemerle's amended complaint would not be within the time limit contemplated by this rule, since YRC filed an answer to Haemerle's complaint on August 2, 2011. Rule 15(a)(1)(B)'s twenty-one-day clock began to run at that time. Furthermore, the Court's scheduling order states that "[a]ny motion for leave to amend pleadings under Rule 15(a) must be filed by July 16, 2012. Scheduling Order [20] ¶ 2. Haemerle's motion, filed on July 19, 2012, is thus late under the scheduling order's timetable as well.

The amended complaint, moreover, does not respond to YRC's motion to dismiss. Haemerle would continue under the amended complaint to seek attorneys' fees from YRC, and addition of a new party would not affect YRC's arguments in its motion to dismiss. The Court accordingly declines to consider Haemerle's proposed amended complaint to be responsive to YRC's motion to dismiss. Rule 15(a)(1)(B) thus does not accord Haemerle an amendment as a matter of course.

### B. Haemerle Has Not Shown Good Cause to Amend Under the Court's Scheduling Order

The Court's scheduling order provides as follows:

> Any motions for leave to join additional parties must be filed by May 14, 2012. Any motion for leave to amend pleadings under Rule 15(a) must be filed by July 16, 2012. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

Scheduling Order ¶ 2. Haemerle filed his motion for leave to file an amended complaint adding a new party on July 19, 2012, so he must show good cause in order to amend. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.,*

*L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation and citation omitted). District courts have broad discretion in deciding whether to allow a party to amend after the scheduling order deadline has expired. *See id.* However, "the district court's discretion is guided by the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *S & W Enters., L.L.C.*, 315 F.3d at 536.

*1. **Haemerle Has Not Adequately Explained His Failure to Timely Move to Amend** –* Most importantly in the Court's analysis, Haemerle has not persuasively demonstrated why he failed to timely amend his complaint. Haemerle states that he learned of the new party's conduct "during discovery." Pl.'s Mot. 1. But he fails to show that he could not have reasonably met the deadline the Court set in its scheduling order – a deadline he missed by more than two months – despite his diligence. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (affirming district court's denial of party's motion to amend in part because movant "[did] not offer a satisfactory explanation for its delay in seeking leave to amend"); *In re Enron Corp.*, Nos. H-01-3624, H-03-3508, 2007 WL 207028, at *3 (S.D. Tex. Jan. 23, 2007) (denying leave to amend in part because "[plaintiff's] only explanation for missing the . . . deadline for amendment is that he was conducting additional investigation and informal discovery, without explaining what he discovered and why he could not incorporate any newly found evidence into an amended pleading by the

ORDER – PAGE 7

deadline."). In light of this fact, this factor does not weigh in favor of granting Haemerle leave to amend.

*2. Haemerle Has Not Adequately Explained the Amendment's Importance* – Haemerle offers no argument as to the importance of the amendment outside the conclusory statements that UPS caused a "significant portion" of the damage to his property and that he "will not be able to obtain a complete recovery" absent leave to add UPS as a party. Pl.'s Mot. 1. UPS, however, was the shipper only for the damaged property's *return* trip from the trade show. *Id.* According to Haemerle's complaint, the property was already "incomplete and substantially damaged" when it *arrived* at the trade show. Compl. ¶ 10. Due to the pre-show damages, in fact, the trade show was "of little, if any value to [Haemerle]." Compl. ¶ 13. In his motion to amend, Haemerle does not offer any argument as to, or any evidence of, the amount of damage allegedly caused by UPS rather than YRC. The Court thus lacks evidence to find that the amendment is indeed critical to Haemerle's case. This factor thus does not favor amendment.

*3. YRC Might Be Prejudiced if the Court Allowed Haemerle to Amend.* Haemerle makes no argument as to this factor. His proposed amended complaint, however, would not include any additional causes of action or change his claims against YRC, the only defendant in the case at present. Pl.'s Mot. 1. If Haemerle amended his complaint, however, discovery – which closed on August 13, 2012 – would need to be reopened, causing both sides to have to reconsider documents and witnesses. Both sides have already submitted proposed findings of fact, exhibit lists, and witness lists in anticipation of trial. This work would need to be

redone if Haemerle filed an amended complaint. The Court takes this prejudice, though not severe, into consideration and finds that this factor also weighs, if only slightly, against amendment.

*4. A Continuance Might Cure Some Prejudice But Would Consume Resources and Prolong Resolution* – While the Court could certainly grant a continuance to reopen discovery, the continuance would result in substantial delay, consuming resources from both parties and prolonging the case's resolution. *See Manley v. Invesco*, No. H-11-2408, 2012 WL 2994402, at *3 (S.D. Tex. July 20, 2012) (denying leave to amend in part because amendment would require reopening of discovery and continuance would consume additional resources and delay resolution). This factor, too, marginally favors denying leave to amend.

*5. Conclusion as to Haemerle's Motion to Amend* – Haemerle has not adequately explained his delay in moving to amend his complaint by adding a new party, and he has not sufficiently shown the importance of amendment. Accordingly, though prejudice in this case is slight and a continuance is available, the Court denies Haemerle's motion.

### IV. THE PARTIES MAY FILE MOTIONS FOR SUMMARY JUDGMENT

Haemerle and YRC jointly move for leave to file motions for summary judgment or partial summary judgment. The Court grants the motion.

Additionally, the Court notes three relevant aspects of its scheduling order. First, the parties may alter – and in this instance could have altered – by written agreement the deadlines set out in paragraph 3 of the scheduling order. Second, motions for summary

judgment may become moot because of trial if they are not filed far enough in advance of trial. Scheduling Order ¶ 3. Finally, if the parties wish to have time to brief their motions fully, they should consider a joint motion for continuance.

## CONCLUSION

For the reasons stated above, the Court grants YRC's motion to dismiss, denies Haemerle's motion for leave to file an amended complaint, and grants the parties' joint motion for leave to file summary judgment motions.

Signed October 1, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 10